IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| BENNIE WASHINGTON,<br>KERON TAYLOR,<br><br>Plaintiffs.<br><br>vs.<br><br>NATIONAL STARCH, LLC, and<br>INGREDION INCORPORATED<br><br>Defendants.<br>_____ | C/A:  2:13-cv-00093-RMG<br><br>**COMPLAINT**<br>(**Jury Trial Requested**) |

Plaintiffs Bennie Washington and Keron Taylor, individually (collectively "Plaintiffs"), and on behalf of all others similarly situated individuals, by way of their Complaint in the above-captioned matter, allege and show unto this Honorable Court the following:

**NATURE OF CLAIM**

1.      This action is brought individually and as a collective action for unpaid overtime compensation, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").  The collective action provision under the FLSA provides for opt-in class participation.

2.      Plaintiffs also include other causes of action under South Carolina Law on an individual and class wide basis.  These claims are proposed as opt-out claims under Rule 23 of the Federal Rules of Civil Procedure.

3.      Plaintiffs also include individual causes of action under the South Carolina Payment of Wages Act.

## PARTIES, JURISDICTION AND VENUE

4.      Plaintiff Bennie Washington is a citizen and a resident of Berkeley County, South Carolina.

5.      Plaintiff Keron Taylor is a citizen and a resident of Charleston County, South Carolina.

6.      Defendants, National Starch LLC and Ingredion Incorporated are for-profit corporations, organized under the laws of South Carolina with a production plant at 7680 Southrail Park Road; North Charleston, South Carolina.

7.      Venue is proper in this District because Defendants National Starch and Ingredion Incorporated have a manufacturing and production plant located in Charleston County.   Presently and at all times, Defendants have conducted substantial, continuous and systematic commercial activities in Charleston County.   Additionally, the unlawful labor practices and policies giving rise to Plaintiffs' claims were committed in the Charleston Division of this Court.

8.      At all times material hereto, Defendants managed, owned and/or operated an enterprise, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, Defendants were employers of Plaintiffs as such term is defined by the Act.  29 U.S.C. § 201 et seq.

9.      Plaintiffs bring this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all chemical process operators employed by Defendants at any time within the three years prior to joining this lawsuit, who were non-exempt employees and who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation for such hours.

10.      Plaintiffs also bring this action individually and as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all chemical process operators employed by Defendants at any time within the three years prior to the commencement of this lawsuit who were not paid all of their lawful wages for hours worked as required by state and federal law.

11.      Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

      a.      The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

      b.      There are questions of law and/or fact common to the members of the proposed Plaintiff class;

      c.      The claims of Plaintiffs, the representatives of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

      d.      Plaintiffs, the representatives of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

12.    In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiffs' class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

13.    This Court has jurisdiction of the state claims alleged herein, and of the FLSA claim per 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

14.    In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

15.    At all times pertinent to this Complaint, Defendants owned an operation and was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s).

16.    Based upon information and belief, the annual gross sales volume of the Defendant's business was in excess of $500,000.00 per year at all times material hereto.  Alternatively, the Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the FLSA.

## FACTS

17.    Defendants, National Starch and Ingredion Incorporated are one of the world's leading ingredient solutions providers; they turn corn, tapioca, wheat, potatoes and other raw materials into ingredients for food, beverages, and pharmaceutical products.

18.    Plaintiff Washington was employed by the Defendant from approximately June 2003 until approximately September 2012.

19.    Plaintiff Taylor was employed by the Defendant from approximately August 2011 until approximately August 2012.

20.    Plaintiffs worked as chemical process operators for Defendants.

21.    Plaintiffs' primary duties included mixing starch in large tanks; operating a 7 story drier; modifying the starch; packaging the starch in 50 pounds bags; and delivering the bags to shipping and receiving on pallets.

22.    At all times relevant to this Complaint, Plaintiffs were non-exempt employees for purposes of the FLSA.

23.    At all times relevant to this Complaint, Plaintiffs were good and faithful employees of Defendants and performed the essential functions of their job in an exceptional and competent manner.

24.    Plaintiffs worked 12-hour rotating shifts approximately 4 days a week.

25.    Plaintiffs were required to work approximately 30 minutes "off the clock" at the beginning of every 12-hour shift.  Plaintiffs were required to work at least 15 to 30 minutes at the end of almost every shift "off the clock".

26.    During this time Plaintiffs performed activities that were integral and indispensable part of their employment.  Despite this, their immediate supervisors instructed Plaintiffs that this time was not compensable and they could not report it when they reported their hours for the day.

27.    Plaintiffs were required to put on safety and sanitary gear "off the clock" to produce an uncontaminated product.

28.    Plaintiffs had to complete a turn over process, "off the clock". Plaintiffs were required to research the batch that was currently being processed at the shift change so the starch would be produced according to speciation.

29.     The work that Plaintiffs performed before and after their shift  was integral and indispensible to Defendant's business and was not *de minimus*. Defendants were aware that Plaintiffs started worked approximately 30 minutes prior to their shift because Plaintiffs were instructed by their immediate supervisor to begin their workday at that time.  If Plaintiffs were not at work at least 20 minutes prior to their shift they would be verbally reprimanded.

30.    Plaintiffs were intimidated and coerced into under reporting his time by their immediate supervisors.

31.    Defendants' mangers, with the knowledge and consent of corporate management, systematically violated and continue to violate the FLSA by having a policy, which required the Plaintiffs to perform integral and indispensible principle activities off the clock.

32.    Upon information and belief, Defendants supervised, instructed, and authorized managerial employees to engage in the above unlawful practices

and ratified their actions afterwards in order to increase corporate profits and reduce the costs of labor.

33.    At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff and those similarly-situated field chemical process operators and labor for Defendants for which Defendants made no provision to pay Plaintiffs and other similarly situated chemical process operators to which they were lawfully entitled.

## FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

34.    Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-33 as if restated herein verbatim.

35.    Plaintiffs and the members of the Plaintiffs' class were employees of Defendants for purposes of the Fair Labor Standards Act during times relevant to this Complaint. Defendants failed to pay Plaintiffs and the members of the Plaintiffs' class at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

36.    Defendants also failed to pay Plaintiffs and the members of the Plaintiffs' class for all compensable time for which Plaintiffs provided work for the benefit of Defendants.

37.    Plaintiffs and the members of the Plaintiffs' class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all

overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38.    Plaintiffs and the members of the Plaintiffs class are also entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate, as appropriate compensation for all time spent in working for Defendants, which was wrongfully excluded by Defendants in calculating their compensable time.

39.    The failure of Defendants to compensate Plaintiffs for overtime work and for "off the clock hours" as required by the FLSA was knowing, willful, intentional, and done in bad faith.

40.    Plaintiffs and the members of the Plaintiffs' class are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41.    The work and pay records of Plaintiffs and the members of the Plaintiffs' class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained.  Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

42.    Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## FOR A SECOND CAUSE OF ACTION
(South Carolina Payment of Wages Act)
(Individual and Class Action)

43.    Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-44 as if restated herein verbatim.

44.    Defendants are an "employers" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

45.    Defendants employed Plaintiffs and the members of the Plaintiffs' class within the State of South Carolina.

46.    Defendants owe Plaintiffs and the members of the Plaintiffs' class "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendants, as promised to Plaintiffs and the members of the Plaintiffs' class and as required by law, including overtime pay required by the FLSA.

47.    Defendants required Plaintiffs and the members of the Plaintiffs' class to work "off the clock," and did not pay them for all service rendered for the benefit of Defendants.

48.    Defendants have failed to pay Plaintiffs and the members of the Plaintiffs' class all wages due, as required by Sections 41-10-40 and -50 of the Act.

49.    In addition, Defendants deducted amounts from the paychecks of Plaintiffs and the members of the Plaintiffs' class for improper purposes, upon

false pretenses, and without providing proper written notice as required by Section 41-10-30(A) of the Act.

50.    Defendants' failure to pay Plaintiffs and the members of the Plaintiffs' class all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

51.    Pursuant to Section 41-10-80(C) of the Act, Plaintiffs and the members of the Plaintiff class are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and similarly situated employees who join this action demand:

a.  Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b.  Judgment against Defendants for an amount equal to Plaintiffs unpaid back wages at the applicable overtime rates;

c.  Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

d.  Liquidated damages in an amount equivalent to the overtime damages owed to Plaintiffs;

e.  An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

f.  Treble damages pursuant to the South Carolina Payment of Wages Act.

g.  Leave to add additional plaintiffs by motion, the filing of written consent forms; or any other method approved by the Court;

h.  Leave to amend to add other defendants who meet the definition of Plaintiffs "employer, 29 U.S.C. § 203(d);

i.  Injunctive relief to require Defendants to record, report and preserve records sufficient to enable Plaintiffs and similarly-situated employees to determine their wages, hours and conditions and practices of employment, including practices regarding deductions and payment and nonpayment of overtime as mandated by the FLSA;

j.  Pre-judgment interest;

k.  Attorneys' fees and costs; and

l.  All such further relief as the Court deems just and equitable.

### JURY DEMANDED

Plaintiffs Washington and Taylor on his behalf and on behalf of all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,


s/ Marybeth Mullaney
Marybeth Mullaney
Fed. ID No. 11162
JAFFE GLENN LAW GROUP, P.A.
321 Wingo Way Suite 201
Mount Pleasant, South Carolina 29464
(803) 692 -1660 (O)

(800) 385-8160 (Facsimile)
mmullaney@jaffeglenn.com
**Attorney for Plaintiff**

January 8, 2013
Mount Pleasant, South Carolina.